IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES R. WILEY | § | |
| VS. | § | CIVIL ACTION NO. 5:08-CV-142 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Charles R. Wiley, an inmate confined at the Neal Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the constitutionality of a prison disciplinary proceeding.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in

the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

This court has jurisdiction to entertain petitioner's habeas claims because he was convicted in Bowie County. However, this court is not the appropriate venue for petitioner's civil rights claims because the disciplinary proceeding took place at the Neal Unit, which is located in the Amarillo Division of the Northern District of Texas. The court has considered the circumstances and has determined that the interest of justice would best be served if this case were transferred to the district where petitioner is confined. Therefore, the petition should be transferred to the United States District Court for the Northern District of Texas for hearing and determination. An order transferring the case will be entered by the undersigned.

**SIGNED** this ___4___ day of __September_____, 2008.

                                              KEITH F. GIBLIN
                                            UNITED STATES MAGISTRATE JUDGE